UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINALD THOMPSON | CIVIL ACTION NO. |
| AND | SECTION "" |
| AUDRILL THOMPSON | MAGISTRATE |
| VERSUS | |
| THE UNITED STATES OF AMERICA | |

PLAINTIFFS' ORIGINAL COMPLAINT FOR MONEY DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Reginald Thompson and Audrill Thompson, and file this, their Original Complaint against Defendant, The United States of America and United States, on the grounds set forth below.

### I.   Nature of the action

1. Plaintiffs file this personal injury action following a motor vehicle collision caused by an employee of the United States Department Postal Service that struck the rear of Plaintiffs' vehicle in Orleans Parish.

### II.  Parties

2. Plaintiffs Reginald Thompson and Audrill Thompson are persons of the full age of majority and residents of, and domiciled in, the State of Louisiana.

3. Defendant government of the United States of America, is the sovereign government of this nation that has, pursuant to 28 U.S. Code §1346(b)(1), waived its sovereign immunity and consented to be sued following personal injuries "caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment. . . ."

4.     Ms. Destiny Dryer, a non-party to this action, was, at all relevant times, an employee of the United States Postal Service.

5.     The United States Postal Service is organized under 39 U.S. Code §201 as an independent establishment of the executive branch of the United States of America.  Pursuant to 3 U.S. Code §101, it is operated as a basic and fundamental service provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people.

## II.  Jurisdiction

6.     This Court has subject matter jurisdiction over the claims in this action pursuant to and 28 U.S. Code §§2674 and 1346(b)(1) because this is a tort action against an individual who, at the time of the offense, worked within the course and scope of his employment with The United States Postal Service, a department of the government of the United States of America. Venue is appropriate in this district pursuant to 28 U.S. Code 1391 as the motor vehicle accident that is the subject of this action occurred within the Eastern District of Louisiana.

7.     This Court has personal jurisdiction over all parties identified.

## III.  Facts

8.     That on or about April 15, 2015 at approximately 3:30 p.m., Reginald Thompson was operating a 2013 Ford Taurus, carrying Audrill Thompson as a passenger, traveling east on Gentilly Boulevard and stopped at the intersection with Frenchman Street in the Parish of Orleans, State of Louisiana.

9.     That at approximately the same time and place, Destiny Dryer was operating a General Motors Postal Van east on Gentilly Boulevard, immediately behind the vehicle operated by Reginald Thompson, and approaching the intersection with Frenchman Street.

10.    That at approximately the same time and place, Destiny Dryer followed preceding traffic too closely and collided with the rear of the vehicle driven by Reginald Thompson.

### IV.  COUNT I – Negligence under the Federal Tort Claims Act

11.    That Destiny Dryer owed a duty to operate the vehicle under her control with ordinary care.

12.    That Destiny Dryer breached this duty and the aforesaid accident sued on herein was the fault of and proximately caused by Defendant, Destiny Dryer, in the following, non-exclusive, respects:

    A.   By striking a preceding motorist in the rear;

    B.   By following another vehicle more closely than is reasonable and prudent in violation of La. R.S. 32.81;

    C.   By failing to maintain reasonable and proper control of the vehicle under her control upon a public road;

    D.   By operating the vehicle under her control in a reckless and negligent manner;

    E.   By failing to see what should be seen; and

    F.   All other acts of negligence which were the cause of the accident sued upon and which will be shown at the trial of this matter.

13.    That as a result of the aforesaid collision, Reginald Thompson has sustained serious injuries to his body and mind, including, without limitation, a spinal injury causing radicular symptoms, together with past and future mental anguish and physical suffering; past and future

loss of enjoyment of life; past and future expenses for medical care; and permanent impairment, all of which entitles Plaintiff, Reginald Thompson, to recover from Defendant the damages as are reasonable in the premises.

14. That as a result of the aforesaid collision, Audrill Thompson has sustained serious injuries to her body and mind, including, without limitation, a spinal injury causing radicular symptoms and an injury to her lower extremity, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future expenses for medical care; and permanent impairment, all of which entitles Plaintiff, Audrill Thompson, to recover from Defendant the damages as are reasonable in the premises.

15. At all relevant times herein, the non-party driver, Destiny Dryer, was acting within the course and scope of her employment with the United States Postal Service.

16. Pursuant to 28 U.S. Code §2679(b)(1), the exclusive remedy for the negligent action or omission of an employee of the United States Postal Service acting within the scope of her employment at the time of the offense is a claim against the United States of America pursuant to 28 U.S. Code §§2672 and 2674, and all other actions against the individual or others are precluded.

17. Following the collision, Plaintiffs timely presented to the appropriate federal agency a proper demand pursuant to 28 U.S. Code §2675.  A true and accurate copy of that claim is attached as Exhibit A.

18. Plaintiffs supplemented the property damage component of that demand on October 12, 2016.  A true and accurate copy of that supplement is attached as Exhibit B.

19. Certified mail receipts showing delivery of Plaintiffs' demand and supplement are attached as Exhibit C.

20.     On or about October 12, 2016, the United States Post Service acknowledged receipt of that claim.  A true and accurate copy of that rejection is attached hereto as Exhibit D.

21.     To date, The United States of America has not responded to Plaintiffs' administrative demand and more than six months have passed making the present action ripe for judicial resolution.

WHEREFORE, Plaintiffs Reginald Thompson and Audrill Thompson pray, that after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and against Defendant The United States of America, for said judgment to bear legal interest from the date of judgment until paid, for all costs of these proceedings, and for all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR

NEW ORLEANS, LA  70130
TELEPHONE:  (504) 525-8000
FACSIMILE:  (800) 878-8937

BY:     /S/ MATTHEW D. HEMMER
         MATTHEW D. HEMMER, NO. LA34300